IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| AUDREY JEAN RUTHERFORD, | ) | CASE NO. 1:18 CV 1147 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Audrey Jean Rutherford under 42 U.S.C. § 405(g) for

judicial review of the final decision of the Commissioner of Social Security denying her

application for supplemental security income.[2] Because the ALJ's no disability finding

lacks the support of substantial evidence, this matter is reversed and remanded for further

administrative proceedings consistent with this opinion.

## Issue Presented

This case presents the following issue for review:

- State agency reviewing physicians gave residual functional capacity ("RFC")
  opinions in 2015. The ALJ issued her decision on July 18, 2017. Between the
  time of the state agency reviewing physicians' latest opinion and the date of
  decision, Rutherford continued treatment, generating additional medical records
  that the ALJ reviewed in making her decision. Rutherford did not come forward
  with a treating or acceptable source opinion regarding the post-2015 medical

---

[1] ECF No. 19. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.

records. The ALJ did not obtain the opinion of an acceptable source to evaluate the post-August 2015 medical records. Rather, the ALJ relied upon, and gave great weight to, the outdated state agency reviewing physicians' opinions in formulating Rutherford's RFC. Does the RFC decision lack the support of substantial evidence for want of an updated source opinion?

## Analysis

The record contains no treating source opinion. The only acceptable source opinions in the record are those of the state agency reviewing physicians.[3] The ALJ did not obtain the opinion of an acceptable source to evaluate the post-August 2015 medical records. Nor did Rutherford come forward with such an opinion. Based on the ALJ's review of the post-August 2015 medical records, she adopted the RFC opined by the state agency reviewing physicians.

Rutherford argues that substantial evidence does not support the RFC because the ALJ reviewed raw medical data and did not "build an accurate and logical bridge between the evidence and the result." She cites *Deskins v. Commissioner of Social Security*,[4] and that case provides the analytical framework that will control here. But *Deskins*, as clarified by *Kinzys v. Commissioner of Social Security*,[5] does not establish a bright-line rule. It is not enough that the record contains medical records generated after the date of the last acceptable source opinion that the ALJ evaluates without the assistance of an acceptable medical source. Additionally, those records must evidence a worsening of the severity of

---

[3] ECF No. 11, Transcript ("Tr.") at 147-49, 157-59.
[4] 605 F. Supp. 2d 908 (N.D. Ohio 2008).
[5] No. 3:10CV25, 2011 WL 5024866 (N.D. Ohio Oct. 21, 2011).

the claimant's impairment and an increase of the claimant's limitations that the ALJ as a lay person cannot properly evaluate without the opinion of an acceptable source.

Rutherford's counsel admitted at the argument that substantial evidence, based on the state agency reviewing physicians' opinions, supports the RFC as of August 16, 2015. After that date, Rutherford continued to treat with multiple physicians and other sources, primarily for pain in her upper extremities and neck. According to the charts filed with Rutherford's brief, those sources and the approximate dates of treatment are as follows:

- Dr. Ways – October 2016[6]
- Physical therapist Duber – June to September 2016[7]
- Dr. Garven – September 2016[8]
- Dr. Santiago – December 2016[9]
- Dr. Goyal – December 2016[10]

All of these sources treated Rutherford for her shoulder and neck impairments. Also, she had one short hospitalization for breathing problems related to her COPD just before the hearing before the ALJ. The discharge notes were received into evidence at the hearing.[11]

---

[6] Tr. at 498.
[7] *Id.* at 502.
[8] *Id.* at 503.
[9] *Id.* at 505.
[10] *Id.* at 504.
[11] *Id.* at 114-16.

The ALJ's decision focuses substantially on Rutherford's COPD and the limitations caused thereby.[12]  Rutherford's upper extremity and neck pain are secondarily discussed but the findings dismissed as "unremarkable."[13]

Rutherford's argument, therefore, is that her upper extremity and neck condition became significantly worse after the state agency reviewing physicians' opinions and an additional acceptable source opinion was needed to address the severity of the exacerbation and the limitations caused thereby.

During the oral argument, I set out the alternative approaches that the ALJ could have taken but didn't.  The ALJ could have obtained an opinion from a consulting examiner or medical expert.  Also, the ALJ could have requested an opinion from one or more of the treating sources.  Counsel for the Commissioner responded that the regulations give the ALJ discretion as to obtaining additional acceptable source opinions, and here the ALJ properly exercised that discretion by deciding that the post-August 2015 records could be evaluated without such opinions.

I put to counsel for Rutherford that she could have obtained a treating source opinion or requested the ALJ to seek the opinion of a consulting examiner or medical examiner.  I reminded counsel that the claimant has the burden of proof at Step Four.  Counsel readily admitted that Rutherford did neither.  But he responded that the burden of proof did not require Rutherford to do so because the hearing was not an adversary proceeding, and the

---

[12] *Id.* at 15-16.
[13] *Id.* at 16.

ALJ had a duty to develop a complete and adequate record. He argued that the record was not complete and adequate because the post-August 2015 records could not be evaluated without an acceptable source opinion.

So, the question is whether these "new" medical records fall in or out of the *Deskins* zone.

The emphasis of the pre-August 2015 evidence, analysis, and articulation is on COPD and its limitations. The narratives in the state agency reviewing physicians' opinions support this.[14] There is no mention therein of the medical evidence relating to her neck and shoulder impairments and no limitations that relate to those impairments. Although the ALJ found Rutherford's cervical degenerative disc disease and arthritic changes in the bilateral shoulders severe,[15] neither state agency reviewing physician did.[16] So these orthopedic impairments rose to the level of severe after the state agency reviewing physicians' opinions, and the ALJ was entirely on her own in evaluating the evidence of those impairments. She concluded that those impairments imposed no limitations beyond those attributable to the COPD alone as opined by the state agency reviewing physicians.

Admittedly, the ALJ attempts to give good reasons for this in her decision.[17] But on balance, the ALJ's evaluation and articulation fails to constitute substantial evidence in support of her finding, as at bottom they largely consist of the ALJ interpreting raw medical

---

[14] *Id.* at 146-48, 157-59.
[15] *Id.* at 13.
[16] *Id.* at 146, 156.
[17] *Id.* at 16-17.

data without the assistance of a medical source in a case where there has been a clear-cut worsening of the claimant's condition and, therefore, is not susceptible to common sense judgment. And the ALJ's conclusion about Rutherford's complaints of upper extremity and neck pain being at odds with the weight of the evidence stands in stark contrast to a December 2016 treatment note by Dr. Goyal – not mentioned in the ALJ's decision – that Rutherford presented with "left arm pain consistent with imaging and history/exam findings consistent with C6 radiculopathy."[18] Remand is required.

This case highlights the need to comment on the practical problem resulting from the Supreme Court's decision in *Sims v. Apfel*.[19] The rule in *Sims* opens the door for virtually every argument to be raised for the first time on judicial review. Here, both the ALJ and Rutherford had opportunities to raise the issue of the need for an additional acceptable source opinion when something immediately could have been done about it. Having failed to do so, it became the problem of the reviewing court, which must now resolve it through the lens of substantial evidence. It is significant that in *Sims*, Justice O'Connor agreed with the dissent in principle but concluded that to penalize the claimant as wrong because the Social Security Administration's regulations did not require that the request for Appeals Council review specify issues. This case also underscores how surprising it is that *Sims* did not cause the Social Security Administration to change its regulations. A Court reviewing these kinds of matters on judicial review years later, when

---

[18] *Id.* at 388.
[19] 530 U.S. 103 (2000).

the issue could have been addressed in a timelier manner had it simply been raised and addressed at the administrative level, and through the lens of substantial evidence to boot, is a wholly inefficient and ineffective way of addressing these kinds of issues.

## Conclusion

The ALJ's no disability finding lacks substantial evidence. This matter is reversed and remanded for further administrative proceedings consistent with this opinion. On remand, the ALJ must reconsider Rutherford's RFC with the assistance of a medical opinion as to Rutherford's work-related limitations after August 16, 2015.

IT IS SO ORDERED.

Dated: July 17, 2019                    s/ William H. Baughman, Jr.
                                        United States Magistrate Judge